**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MONROE R. PARKER, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 1:10-cv-01928 (PLF)** |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **EDUCATION,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**NOTICE OF CLARIFICATION BY DEFENDANTS**
**LORI M. SCOTT, K. ELIZABETH SIEG, AND MCGUIREWOODS LLP**

Defendants Lori M. Scott ("Scott"), K. Elizabeth Sieg ("Sieg"), and McGuireWoods LLP (the "Firm") (collectively, "Defendants"), submit this Notice of Clarification regarding the allegations made in Plaintiff Monroe R. Parker Jr.'s Motion to Extend Time, and respectfully state as follows:

    1.    Defendants note that the Court granted Parker's Motion to Extend Time (the "Motion). Defendants submit this Notice of Clarification only to correct certain misstatements contained in Parker's Motion.

**Defendants are Not in Default**

    2.    Parker's Motion offers confused and incorrect allegations that Defendants defaulted and waived their right to file their Motion to Dismiss.

    3.    Parker claims that Defendants have been in default since December 15, 2010. (Mot. for Extension 2, ECF No. 24).

4. Parker further claims that, to date, none of the Defendants have filed a motion for an extension of time and so waived their right to file their Motion to Dismiss on January 4, 2011. (Mot. for Extension 2 ECF No. 24).

5. Contrary to Parker's claims, Defendants have not been served and cannot be in default. (*See* Mem. in Support of Mot. to Dismiss 6-10, ECF No. 12).

6. Scott and the Firm received the summons and Complaint on November 29, 2010 though neither was properly served. (Return of Service/Aff., ECF No. 10).

7. The docket reflects that a summons was never requested or issued for Sieg and, accordingly, no Return of Service/Affidavit was entered for Sieg. (*See generally* Summons).

8. As reflected on the docket, assuming service was perfected, which it was not, Scott and the Firm's responsive pleadings were due on December 20, 2010. (Return of Service/Aff., ECF No. 10).

9. Defendants timely filed their Motion to Dismiss on December 20, 2010. (Mot. to Dismiss, ECF No. 12). *See* FED. R. CIV. P. 12(a)(1)(A)(i) (responsive pleading is due 21 days after being served).

Dated: January 28, 2011                     Respectfully Submitted,

**LORI M. SCOTT,**

**K. ELIZABETH SIEG, AND**

**MCGUIREWOODS LLP**

      /s/     Charles Wm. McIntyre
Charles Wm. McIntyre (D.C. Bar No. 489302)
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 20006-1040
Telephone: (202) 857-1742
Facsimile: (202) 828-2967
cmcintyre@mcguirewoods.com
*Attorney for Defendants Lori M. Scott,*
*K. Elizabeth Sieg, and McGuireWoods LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I further certify that on the 28th day of January, 2011, I mailed the foregoing via first class mail, postage prepaid, to:

Monroe R. Parker, Jr.
1270 Palhyra Avenue, Apt. 1A
Richmond, Virginia 23227
*Pro Se Plaintiff*

      /s/      Charles Wm. McIntyre
Charles Wm. McIntyre (D.C. Bar No. 489302)
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 20006-1040
Telephone:  (202) 857-1742
Facsimile:  (202) 828-2967
cmcintyre@mcguirewoods.com
*Attorney for Defendants Lori M. Scott,*
*K. Elizabeth Sieg, and McGuireWoods LLP*