UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONROE R. PARKER, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-1928 (JEB) |
| UNITED STATES DEPARTMENT OF EDUCATION *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

Plaintiff, a resident of Richmond, Virginia, sues the Department of Education ("DOE"), the Baptist Theological Seminary at Richmond, Virginia ("Seminary"), five Seminary employees, McGuireWoods LLP, and two McGuireWoods employees. The Complaint's allegations are difficult to follow, in part because Plaintiff notes on the form document that he is claiming race, color, and national origin discrimination, but then gives a brief narrative complaining of improper actions by the Seminary's admissions committee and the dissemination of his criminal record. *See* Compl. ¶¶ 9-10. He seeks $3.5 million in monetary damages and injunctive relief. *Id.* ¶ 11.

Pending before the Court are the joint motion of Lori M. Scott, K. Elizabeth Sieg, and McGuireWoods LLP to dismiss under Rules 12(b)(2), (b)(3) and (b)(5) of the Federal Rules of Civil Procedure [Dkt. # 12]; the joint motion of the Seminary Defendants to dismiss also under Rules 12(b)(2), (b)(3) and (b)(5) [Dkt. # 18]; and DOE's motion to dismiss under Rules 8(a), 12(b)(1) and (b)(6) [Dkt. # 26].

By Orders of December 23, 2010, January 7, 2011, and February 2, 2011, the Court advised Plaintiff about his obligation to respond to each of the moving defendants' dispositive motions and set a deadline for him to file a response. The Court further advised Plaintiff that the failure to comply with the Orders within the time provided could result in the treatment of the uncontested motions as conceded and the dismissal of the case. On January 26, 2011, the Court granted Plaintiff's motion to enlarge the time by 14 days to respond to McGuireWoods' motion. Still, no opposition was filed. Finally, Plaintiff was given until March 3, 2011, to respond to DOE's motion to dismiss. *See* Order [Dkt. # 27].

The only opposition Plaintiff ever filed was a two-page document entitled "Motion Opposing the Response of Baptist Theological Seminary at Richmond to Plaintiff's Motion for Default" [Dkt. #23]. Because Plaintiff has not responded at all to the pending motions to dismiss of DOE and McGuireWoods and its employees, the Court will grant these motions as conceded. *See FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) (discretion lies with the district court to grant unopposed motion to dismiss as conceded pursuant to Local Civil Rule 7(b)); *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.") (citing *Bonaccorsy v. District of Columbia*, 685 F. Supp. 2d 18, 24 (D.D.C. 2010)) (other citations omitted).

Even if Plaintiff had not conceded those Motions, dismissal would be appropriate. DOE correctly points out that Plaintiff's Complaint never alleges any cause of action against it. It is not merely that Plaintiff fails to specify what legal claims he is bringing against DOE, but he entirely neglects to even state what DOE may have done wrong. The fact that he attaches a letter to DOE about claimed discrimination at the Seminary does not convert this into an action against

2

DOE. Finally, he lists the Freedom of Information Act on the cover sheet of his Complaint, but never says what documents he is seeking. If they belong to the DOE and he is truly making a FOIA claim, then he has failed to exhaust his administrative remedies.

As to McGuire Woods and its two attorneys, the only allegation in the Complaint is that the attorneys "disseminated a purported criminal record of plaintiff to [the Seminary's] students, faculty, and staff . . . used it in a motion, then retracted it, in attempt to thwart plaintiff's right to a jury trial . . . ." Complaint, ¶ 10. Yet, as the two attorneys point out, all of these actions occurred in Richmond, Virginia, and Plaintiff has never set forth any basis for personal jurisdiction over them here in the District of Columbia. Motion to Dismiss at 3-4. Similarly, venue is improper in the District of Columbia since Plaintiff, all individual Defendants, and the Seminary are all located in Virginia. Furthermore, all of the actions alleged by Plaintiff occurred in Virginia.

Although Plaintiff clearly did not oppose the McGuireWoods or DOE Motions to Dismiss, it is arguable his pleading [Dkt. # 23] can be construed as an opposition to the Seminary Defendants' Motion to Dismiss. That pleading, however, only addresses service and never explains why the Seminary Defendants' central arguments should not prevail. First, the Court has no personal jurisdiction over any of the Seminary Defendants. Plaintiff has not carried his burden of establishing personal jurisdiction over any Defendant, nor has he alleged any "specific acts connecting [a] defendant with the forum." *First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). For example, Plaintiff never claims that any Defendant is domiciled in the District of Columbia, nor does he assert that the D.C. long-arm statute is satisfied here. *See* D.C. Code § 13-423(a). Second, venue is not proper in the District of

Columbia where all of the Seminary Defendants are located in Virginia, and none of the events giving rise to the claim occurred in the District.  *See* 28 U.S.C. § 1391(b).

Dismissal is therefore appropriate to all Defendants.

A separate Order accompanies this Memorandum Opinion.

DATE: May 4, 2011

_____s/_____
JAMES E. BOASBERG
United States District Judge